**Ex parte Prentice Noel ELLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45996.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 6, 1972.

Second Rehearing Denied March 7, 1973.

No attorney on appeal for appellant; Ruth J. Blake, Houston, for appellant on rehearing.

Carol S. Vance, Dist. Atty., James C. Brough and Joe Moss, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order denying bail on appeal in a habeas corpus proceeding.

On June 7, 1971, petitioner was found guilty of the offense of felony theft, and

punishment was assessed at seven years' imprisonment. Bond was set at $10,000. Then on September 7, 1971, this same petitioner was found guilty of assault to murder a peace officer. The second sentence was to begin after the previous judgment and sentence rendered against him had ceased to operate, that is, the two sentences were to cumulate. No bond was allowed the petitioner pending the appeal on this second sentence.

The State argues that denial of bail was proper in light of Art. 44.04, Vernon's Ann.C.C.P., which provides in part:

"(a) Any defendant who is convicted of a misdemeanor, or who is convicted of a felony and whose punishment is assessed at a fine or confinement not to exceed fifteen years or both, shall be entitled to bail under the rules set forth in this . Chapter pending disposition of his motion for new trial, if any, and pending disposition of his appeal, if any, and until his conviction becomes final.

\*　　\*　　\*　　\*　　\*　　\*

"(h) If the punishment assessed exceeds fifteen years confinement, the defendant shall be placed in custody of the sheriff and the bail thereby considered discharged immediately upon the return into court of the verdict as to punishment, or if the minimum punishment possible under the law exceeds fifteen years, then immediately upon the return into court of the verdict of guilty."

The State's contention is that "where a 12-year sentence has been accumulated properly, as it was here, to a 7-year sentence, in the same court, the punishment exceeds 15 years to the knowledge of the judge of that court, and a denial of bail on appeal is correct."

We do not agree with this interpretation of the statute. Art. 44.04(a), V.A.C.C.P., is worded in terms of *a* fine or confine-

ment not to exceed fifteen years, and there are simply no provisions for denial of bail where cumulated sentences exceed 15 years (emphasis supplied).

Petitioner was entitled to bail in this case. His request is granted and the cause is remanded to the trial court in order that bail in a reasonable amount may be set.

## ON STATE'S MOTION FOR REHEARING

Rehearing denied.

ODOM, Judge.

The state's motion for rehearing has been overruled without written opinion.

The state argues that the original opinion, holding that a twelve year sentence cumulated with a seven year sentence is bailable, construes Article 44.04, Vernon's Ann.C.C.P., too strictly and I agree.

Article 1.26, V.A.C.C.P., states:

"The provisions of this Code shall be liberally construed, so as to attain the objects intended by the Legislature: The prevention, suppression and punishment of crime."

In 53 Tex.Jur., Statutes, Section 194, pages 298–300, it is written:

"A liberal construction of a statute is one that accords with the intention of the legislature and the substance, spirit, purpose, or object of the enactment. Such a construction disregards mere technical distinctions and gives the enactment the most comprehensive application of which it is susceptible without doing violence to any of its terms. On the other hand, a strict construction is one that gives the statute a narrow, though not necessarily the narrowest, meaning or a restricted application, according to its liberal terms.

". . . The legislature has expressly required . . . that the provisions of

the Code of Criminal Procedure be liberally construed, so as to attain the objects intended by the legislature [1]; and that the Penal Code and every other law on the subject of crime be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws on other subjects . . . It follows that a statute will not ordinarily be given a strict or unnecessarily strict construction."

This appears to be a case of first impression; so, we ask: What was the intent of the legislature when Article 44.04, supra, was enacted? More specifically, what construction should be placed on paragraph (h) of such Article?

It is submitted on behalf of the state that the intent of the legislature in Article 44.04(h), supra, appears to be that where a defendant has more than fifteen years to serve in the Department of Corrections, the chance of his jumping bail is far greater than if the punishment is fifteen years or less; and, the legislature contemplated that where a defendant has more than fifteen years to serve he should be incarcerated pending his appeal.

This court should not distinguish between a defendant receiving nineteen years punishment in one conviction and one receiving nineteen years punishment by virtue of cumulative sentences. In either situation, the defendant received *a punishment* of nineteen years.

We find an analogous precedent relating to cumulated punishment when we note the recent rule changes of habeas corpus for the purpose of parole eligibility.

In McNally v. Hill, 293 U.S. 131, 55 S. Ct. 24, 79 L.Ed. 238, it was necessary for a habeas corpus petitioner, post conviction, to show that his discharge was in issue in order to have habeas corpus standing. This doctrine was overruled in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed. 2d 426, which was a case involving cumulative sentences.

In Peyton v. Rowe, supra, it is stated:

"However, in common understanding 'custody' comprehends respondents' status for the entire duration of their imprisonment. Practically speaking, Rowe is in custody for 50 years, or for the aggregate of his 30- and 20-year sentences. For purposes of parole eligibility, under Virginia law he is incarcerated for 50 years." 88 S.Ct. at page 1555.

This court's opinion in Ex parte Alegria, 464 S.W.2d 868, cited Peyton v. Rowe, supra, and held that this court would no longer follow the rule announced in Ex parte Rios, 385 S.W.2d 677, which was based on McNally v. Hill, supra.

The majority places a strict construction on Article 44.04(a), V.A.C.C.P., and seizes on the word "*a*" within such statute, where the same states" . . . *a* fine or confinement not to exceed fifteen years or both".[2] (Emphasis supplied.)

I would grant the state's motion for rehearing, deny this writ, and hold that where the cumulative sentences provide for punishment in excess of fifteen years bail should be denied under Article 44.04(h) V.A.C.C.P.

I respectfully dissent.

DOUGLAS, J., joins in this dissent.

---

1. Article 1.26, supra.

2. Compare Article 21, Vernon's Ann.P.C., which states: "The use of the singular number includes the plural and the plural the singular."