252

## Ex parte Ruben G. SALIZAR.

### No. 52111.

Court of Criminal Appeals of Texas.

May 19, 1976.

Jimmy Phillips, Jr., Angleton, James E. Brown, Lake Jackson, for appellant.

Ogden Bass, Dist. Atty., Thomas W. Watson, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This is an appeal from an order denying a reduction in bail pending appeal.

The record reflects that on February 18, 1976, appellant was convicted of the offense of indecency with a child, V.T.C.A. Penal Code, Sec. 21.11. Punishment was assessed at ten years, the maximum possible for the offense, see V.T.C.A. Penal Code, Sec. 12.34. Bail pending appeal was increased from $5000 to $50,000, under the authority of Art. 44.04(d), V.A.C.C.P.

On March 3, 1976, sentence was imposed and notice of appeal given. A hearing on bail reduction pending appeal was held the same day.

The State presented no evidence at the hearing. Appellant's wife testified that neither she nor appellant could make bail in the amount of $50,000. She stated that she had unsuccessfully attempted to raise that amount from relatives and friends. She testified bail in the amount of $20,000 could be made.

Appellant had made the original trial bond of $5000. Until he was convicted he had continued to work. After his incarceration for inability to make the increased amount, his family was left with no income.

The record further reflects that appellant had previously been convicted of two felonies, both burglaries, in 1965 and 1969. It does not reflect any prior bond forfeiture or failure to appear.

In view of all the circumstances, we conclude that the amount of the appeal bond as set is excessive, and that bond in the amount of $20,000 is reasonable.

It is so ordered.