**Ex parte Billy Ward WRIGHT.**

**No. 55397.**

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

Will Gray, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal from an order entered after hearing seeking a reduction of bail pending appeal.

On April 4, 1977, appellant was convicted in the District Court of Bell County of the third degree felony of possession of a firearm by a felon. See V.T.C.A. Penal Code, Sec. 46.05. Punishment was assessed at ten years. An appeal from the conviction is pending in this Court as our No. 56,271. Upon conviction, the trial court ordered appellant held in custody without bond. A hearing was thereafter conducted by the trial court on appellant's application to have bail set pending appeal, and after hearing, bail was set at $50,000. The record reflects that appellant has been unable to make bail in that amount, and remains in custody.

The only witness at the hearing was appellant. He testified that he owned no property, but that his parents had attempted to make an appeal bond for him, and that the "very maximum" amount they could make would be $15,000. He said that if released on bond he would have employment with his father building houses. Appellant had resided in Bell County 23 years, during which time he had been convicted in Bell County of felonies in 1961, 1963, and 1971. He had had occasion to make numerous appearance bonds and had never defaulted on any. In addition to his felony convictions in Bell County, he had been convicted of felonies in Oklahoma, including escape from prison, and in Louisiana. These sentences had been served.

Other than proof of appellant's prior convictions and that he and his wife were separated, all by cross-examination of appellant, the State offered no evidence.

Appellant argues that, although his prior criminal record is to be considered in fixing bail,

"The evidence developed by Wright regarding his financial condition, his long

residence in Bell County, interrupted on occasion, of course, by his incarceration in various penal institutions; his employment prospects; the fact that his father would post a property bond up to $15,000, and his excellent record of no prior bond forfeitures, sustained his burden of proof that bail of $50,000 was excessive and that he could not make such bail."

In view of all the circumstances, we conclude that the amount of appeal bond as set is excessive and that a bond in the sum of $20,000 is reasonable, and appellant's bail is set at $20,000 pending appeal. See *Ex parte Salizar*, Tex.Cr.App., 537 S.W.2d 252; *Ex parte Clark*, Tex.Cr.App., 537 S.W.2d 40.

Opinion approved by the Court.