**Ex parte Donald PEMBERTON, Appellant.**

**No. 60324.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 21, 1979.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a denial of reduction in bail pending appeal. The petitioner was convicted of the offense of aggravated robbery on October 10, 1978, and punishment was assessed at five years. Bail pending appeal was set at $55,000.

A hearing on bail reduction was conducted, and the only testimony presented was that of appellant. His testimony on direct examination established that he had no money except for a check for past employment in the amount of $42.00, he had no real property or other assets, that if bail was posted he would live with his parents and work at a job on which he had an offer, that his "family and friends" could provide $2,500 for bail, and that he could not make a bond in the amount of $55,000.

On cross-examination petitioner explained that if he was able to make bond he would go into the custody of the army to face charges of being absent without leave. There was no other evidence presented on the problem with the army.

There is no precise standard for reviewing bond settings on appeal. We are, of course, guided by Article 17.15, Vernon's Ann.C.C.P. as to the rules for fixing bail. Bail is intended to assure compliance without being oppressive, and among the factors to be considered are the nature of the offense, the circumstances under which it was committed, and the punishment assessed. *Ex Parte Clark*, 537 S.W.2d 40 (Tex.Cr.App. 1976). Although not controlling, another important factor is the ability or inability of an accused to make the bail. *Ex Parte Clark*, supra.

There is some evidence in the record suggesting that petitioner was charged with absence from the army without leave. However, few details were presented, and the evidence shows only that a "hold" had been placed on petitioner by the army. In light of all the circumstances, however, we find that the bail was excessive and reduce it to $25,000 in this case. See *Ex Parte Wright*, 557 S.W.2d 106 (Tex.Cr.App.1977); *Ex Parte Schroeder*, 546 S.W.2d 316 (Tex. Cr.App.1977); *Ex Parte Salizar*, 537 S.W.2d 252 (Tex.Cr.App.1976); *Ex Parte Clark*, supra.

It is so ordered.