**Ex parte John G. CARTER, Jr.**

**No. 64480.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 11, 1980.

Rehearing Denied Sept. 17, 1980.

Brenda Neel Hight, Dallas, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order in which the trial court refused to reduce appellant's bail from $3,000 pending the appeal of his conviction for the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated.

The jury assessed punishment of confinement in the County Jail for two years and a fine of $500. The appellant urges that bail in the amount of $3,000 is excessive and oppressive. The record is meager. The appellant testified he was a college graduate and that he had no property and he was indigent. He testified he had always made any required court appearances. Prior to conviction his bail was $200. He said a relative would help him by making a $1,000 bond. When on cross–examination appellant was asked if he did not have an inheritance from his father, he answered, "Yes." When asked how much it was he stated, "None of your business." On redirect examination appellant testified concerning his inheritance, "Yeah, it's all gone and it wasn't enough."

After considering the entire record before us we find the appellant has not shown that the trial court abused its discretion in setting the appeal bond in the amount of $3,000. See Art. 17.15, V.A.C.C.P.; *Ex parte Pemberton*, 577 S.W.2d 266 (Tex.Cr. App.1979).

The relief sought is denied.

ONION, Presiding Judge, dissenting.

Appellant's answers to certain questions were flippant and certainly not designed to win him any friends. However, I conclude under the record that the $3,000.00 appeal bond is excessive. I would reduce the amount of the bond to $1,000.00. I dissent.