**Daniel McCARTIN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–111–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1983.

See also, 662 S.W.2d 794.

J. Manuel Banales, Corpus Christi, for appellant.

Grant Jones, Dist. Atty. of Nueces County, Corpus Christi, for appellee.

Before NYE, C.J., and BISSETT and YOUNG, JJ.

OPINION

PER CURIAM.

■ This is an appeal from a refusal by the trial court to reduce bail pending appeal. TEX.CODE CRIM.PROC.ANN. art. 44.04(g) (Vernon Supp.1982). In a jury trial, appellant was found guilty of robbery. Punishment, also determined by the jury, was assessed at fifteen years imprisonment—the maximum under which appellant could remain eligible for bail. The trial court set bail on appeal at $50,000.00.

Appellant must show that the bail set is excessive. Probably the primary factor to consider in determining what constitutes reasonable bail on appeal is the length of the sentence, but other relevant factors include appellant's work record, family ties, length of residency, ability to make the bond, prior criminal record, conformity with previous bond conditions, other outstanding bonds, and aggravating factors involved in the offense. *Ex Parte Davila,* 623 S.W.2d 408 (Tex.Cr.App.1981); *Ex Parte Rubac,* 611 S.W.2d 848 (Tex.Cr.App. 1981).

■ The record reflects that appellant was twenty-four years old and was unable to "make" his pre-trial bail of $5,000.00. Appellant conceded that, in addition to the name under which he was charged, he had gone by two other names; that he had been previously convicted of breaking and entering and of possession of burglary tools in Massachusetts; and that while he was being convicted of the breaking and entering charge, "[t]here was nobody else in the courtroom and me and the guy that was being convicted just walked out"—which led to a conviction for escape.

Appellant also testified that he had been in Corpus Christi only about a week before committing the offense charged, and had never been in South Texas before; that he had arrived in Corpus Christi by hitchhik-

ing from Las Vegas, where he had been for about a month; that he had previously been in Odessa for about a year, during which he worked at four different oil field jobs, from the last of which he was "laid off"; and that he would "just move wherever [he] can get work." Appellant then stated that his family would help him raise the bail.

In *Rubac, supra,* bond on appeal was set at $25,000. In that case, the defendant was convicted of a non-violent crime and punishment was assessed at 10 years. Defendant had no record of prior criminal activity; the offense was not aggravated; he had family ties in the community and the ability to pursue gainful employment; and he had been released prior to sentencing and had conformed to the conditions of the previous bond.

In *Ex Parte Brown,* 561 S.W.2d 175 (Tex.Cr.App.1978), the defendant was convicted of aggravated robbery, for which punishment was assessed at ten years. The Court of Criminal Appeals reduced appeal bond from $50,000 to $15,000 because the defendant had met all the conditions of his pre-trial bond, had family ties in the community, and had been offered employment.

In *Ex Parte Pemberton,* 577 S.W.2d 266 (Tex.Cr.App.1979), the defendant was convicted of aggravated robbery and sentenced to five years in the Texas Department of Corrections. Bail pending appeal was set at $55,000. The Court of Criminal Appeals reduced it to $25,000. There, it was shown that the defendant could live with his parents and had an opportunity of employment.

In light of all the circumstances and considering the factors articulated in *Ex Parte Davila, supra,* we conclude that the bail set in the case before us is not excessive.

The judgment of the trial court is AFFIRMED.