**Felix Madrigal RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–87–435–CR, 13–87–436–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 21, 1988.

**362**

Joseph A. Connors, III, McAllen, Alejandro Moreno, Jr., Edinburg, for appellant.

Ben Euresti, Jr., County Criminal Dist. Atty., Brownsville, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellant was convicted of two aggravated assaults. The trial court assessed punishment at 10 years for each offense and ordered that the sentences run consecutively. A fine of $3,500 was assessed in each case.

The trial court set bail at $37,500 in each case. By habeas corpus, appellant sought to have the bail reduced and sought to have the trial court vacate certain other orders. The trial court denied relief and appellant appealed.

In his first three points of error, appellant contends that the trial court erred in ordering as a condition of bail that appellant stay away from and not communicate with his ex-wife, Norma Rodriguez. Appellant contends that the condition violates Tex. Code Crim.Proc.Ann. art. 44.04(c) (Vernon Supp.1987), amendments five, six, eight and fourteen of the United States Constitution, and Article I, sections ten, eleven, thirteen, fifteen and nineteen, of the Texas Constitution. In his appellate brief, appellant combines the discussion of these attacks in one section and relies principally upon one case, *Valenciano v. State*, 720 S.W.2d 523 (Tex.Crim.App.1986).

The evidence introduced at appellant's trial showed appellant to be a jealous former husband. One evening, shortly after appellant's ex-wife Norma returned to her home with a date, appellant came over and demanded that her date leave. As the date was leaving, appellant hit Norma. When Norma's date, Manuel Hinojosa, came to her aid, a struggle ensued which ultimately resulted in appellant's biting off Hinojosa's nose. Appellant then nearly beat his wife to death.

Appellant testified in his own defense. He stated that Norma and Hinojosa had attacked him and that he had fought in self-defense. The jury rejected appellant's plea of self-defense.

According to testimony offered at the habeas hearing, appellant telephoned his ex-wife shortly after the trial and told her that the matter was not over and to ask Hinojosa when the rematch would be. The trial court, when setting bond, ordered:

> There are to be no threats and you're not to go near either of the victims. You are not to talk to them. If you have to arrange visitation for your child then you will do it through your attorney.

(No written order appears to have been entered to this effect, except a statement in the order denying habeas corpus relief where the trial court refuses to remove "the condition that he stay away from and not communicate with his ex-wife.")

Article 44.04(c) provides that the trial court may impose reasonable conditions on bail pending the finality of a conviction. While 44.04(c) may not require the conditions to be in writing, the better practice would be to reduce any conditions imposed on bail to writing and cause a copy of the same to be served on the defendant and a copy attached to the bond. *Yates v. State*,

679 S.W.2d 538 (Tex.App.—Tyler 1984, pet. ref'd). This practice would be advisable, especially in a case like the present, where the accused's complaint on appeal does not correspond exactly to the court's oral pronouncement.

The reasonableness of a bail condition must be determined in light of its purpose, to assure the presence of the defendant. *Valenciano v. State*, 720 S.W.2d 523 (Tex.Crim.App.1986). In each individual case where conditions are imposed, those conditions must strike a balance between society's interest in assuring that the defendant will appear if and when his conviction becomes final and the defendant's interest in remaining free pending appeal. *Valenciano*, 720 S.W.2d at 525.

The fountainhead of constitutionality of bail conditions is that they be based upon *standards* relevant to the purpose of assuring the presence of the defendant. *Estrada v. State*, 594 S.W.2d 445 (Tex.Crim. App.1980).

In *Valenciano*, appellant had been convicted of indecency with a child. The offense took place in appellant's neighborhood and involved a neighborhood child. The trial court included as a condition of bail that appellant stay away from his own family residence. The Court of Criminal Appeals found the condition an unreasonable impingement on appellant's freedom without forwarding society's interest in assuring his presence.

In *Estrada v. State*, 594 S.W.2d 445 (Tex.Crim.App.1980), a series of conditions were placed on the defendant's bail. Among those were that he commit no offense, report regularly to the probation office, remain in Nueces County, work faithfully at suitable employment, submit to urine testing, and attend drug counseling sessions weekly. The Court of Criminal Appeals found that the defendant's continued abstention from heroin was rationally related to the likelihood of his continued appearance in court when necessary, and that the other imposed conditions were also probative of the increased likelihood of the defendant's appearance when ordered. Other cases have upheld certain reporting conditions. *See Ex parte Davila*, 623 S.W. 2d 408 (Tex.Crim.App.1981).

Federal courts have also upheld limited bail conditions which relate indirectly to the defendant's appearance. *See United States v. Spilotro*, 786 F.2d 808 (8th Cir. 1986); *United States v. Cook*, 428 F.2d 460 (5th Cir.1970); *Banks v. United States*, 414 F.2d 1150 (D.C.Cir.1969). *See also United States v. Cramer*, 451 F.2d 1198 (5th Cir. 1971).

In the present case, the trial court's order that the appellant not threaten his wife is at least comparable to the condition that a defendant not commit an offense. The condition that he not go near either victim is comparable to those conditions which require a defendant not to associate with certain disreputable persons. The rationale is that the association with a certain person or type of person is likely to have an impact on the defendant which would adversely affect his likelihood of appearance or which would increase the likelihood of his committing another offense.

While most conditions placed on bail seem to relate directly to the defendant's presence in the locality of conviction and reporting requirements, other conditions which have been held proper relate indirectly to the likelihood of appearance through restrictions on the defendant's activities.

Given the evidence presented at trial of appellant's jealousy and hostility and evidence of appellant's continued threats, the condition that appellant remain away from his ex-wife and not make threats appears rationally related to the purpose of assuring that he commit no further acts of violence, and in turn increases the likelihood that he will appear when ordered.

In addition, Tex. Code Crim.Proc.Ann. art. 17.15 (Vernon Supp.1987), which addresses the rules for fixing the amount of bail, specifically provides that the future safety of a victim may be considered. The rules for fixing bail as provided in article 17.15 remain viable after conviction. *See Mayo v. State*, 611 S.W.2d 442 (Tex.Crim. App.1981). The condition imposed upon appellant by the trial court is reasonable un-

der art. 44.04(c). We note that an alternative method of maintaining the peace is set forth in Chapter Seven of the Texas Code of Criminal Procedure. Appellant's first three points of error are overruled.

In his fourth, fifth and sixth points of error, appellant contends that the trial court should have reduced the amount of bail from $37,500 to $10,000.

Prior to trial, appellant had been released on a $10,000 personal recognizance bond. Following the jury's return of the guilty verdict, the amount of bail was increased to $20,000, and following sentencing bail was increased to $37,500.

Rules for fixing the amount of bail are provided by Tex. Code Crim.Proc.Ann. art. 17.15 (Vernon Supp.1987). After an accused has been found guilty and begins post-verdict proceedings, they are modified somewhat and supplemented by additional relevant considerations reflected by provisions of art. 44.04, "one of the most important" of which is the punishment assessed. *Mayo v. State*, 611 S.W.2d at 444. *See* footnote 6 at 611 S.W.2d 444. *Ex parte August*, 552 S.W.2d 169 (Tex.Crim.App. 1977).

■ Among the factors considered relevant are: the nature of the offense and punishment assessed; the defendant's work record, family ties, and length of residency; the defendant's ability to make bail; and the defendant's conformity with previous bond conditions. *Ex parte Davila*, 623 S.W.2d 408 (Tex.Crim.App.1981); *Ex parte Harris*, 733 S.W.2d 712 (Tex.App. —Austin 1987, no pet.).

■ In summarizing the facts before us, we find: (1) appellant was convicted of two violent crimes and was assessed the maximum punishment for each offense; (2) the punishment assessed was cumulated; (3) appellant has no prior criminal activity; (4) appellant has limited ability to make bail; (5) appellant and his family are lifelong residents of the Rio Grande Valley; (6) appellant's family is willing to assure appellant's appearance; (7) appellant had previously failed to appear in this case when

ordered, but bail was continued and appellant appeared at subsequent times.

Although appellant did not testify at the habeas hearing, the trial court did accept appellant's affidavit of indigency and pauper's status. *See Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Crim.App.1977). *But see, Ex parte Miller*, 631 S.W.2d 825 (Tex.App. —Fort Worth 1982, pet. ref'd). Appellant has adequately demonstrated that he cannot make the bail set in the two cases, although the ability or inability of an accused to make bail does not alone control in determining the amount. *Ex parte Herrera*, 608 S.W.2d 683 (Tex.Crim.App.1980).

In *McCartin v. State*, 666 S.W.2d 170 (Tex.App.—Corpus Christi 1983, no pet.), we upheld an appeal bail for robbery set at $50,000. There, a punishment had been assessed at five years. The defendant had no ties to the community.

In *Ex parte Kerr*, 549 S.W.2d 6 (Tex. Crim.App.1977), the Court of Criminal Appeals set bail at $20,000 for an aggravated assault indictment. In *Ex parte Salizar*, 537 S.W.2d 252 (Tex.Crim.App.1976), the Court set bail at $20,000 for an appeal bond for an indecency conviction where punishment had been assessed at 10 years.

Considering the appellant's ties to the community, his pretrial appearance record, the maximum punishment assessed in his case, his inability to make the $37,500 amount, the threats made to his wife, and the other relevant factors listed above, we conclude that a reasonable bail be set in the amount of $15,000, in each case, and that the conditions regarding appellant's communication and association with his ex-wife should remain in effect.

Appellant's fourth, fifth, and sixth points of error are sustained.

■ In appellant's seventh point of error, appellant contends that the trial court incorrectly ordered his transportation to the Texas Department of Corrections. Appellant submits that despite the cumulation of the two ten-year sentences, he had a statutory right to remain in the County Jail pending the appeal, since the sentence in

each case is no more than ten years. We agree.

In considering *Ex parte Norvell*, 528 S.W.2d 129 (Tex.Crim.App.1975) and *Ex parte Ellard*, 490 S.W.2d 597 (Tex.Crim. App.1972), along with Tex. Code Crim.Proc. Ann. art. 42.09(4) (Vernon Supp.1987), appellant should not be transferred to the Texas Department of Corrections unless he requests the transfer. Appellant's seventh point is sustained.

The judgment of the trial court is affirmed in part and reversed and rendered in part. Bail is set at $15,000 in each case. The conditions imposed on appellant's bail are to remain in full effect. The trial court's order to transfer appellant to the Texas Department of Corrections pending appeal is vacated.