In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-553 CR


____________________



EX PARTE ROBERT MARTINEZ







On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 2138 (98828 & 98829)






MEMORANDUM OPINION


 Appellant Robert Martinez filed a petition for writ of habeas corpus seeking a
reduction in the amount of his bond. (1) The trial court entered an order granting habeas relief
and lowering Martinez's bond to $95,000.00. Martinez then filed this appeal, in which he
contends the trial court erred by refusing to set a reasonable bond. We affirm.

 Because the trial court granted Martinez habeas corpus relief by lowering his bond,
we have jurisdiction to hear this appeal. See Ex parte Hargett, 819 S.W.2d 866, 868 (Tex.
Crim. App. 1991) (en banc) (An order ruling on the merits of an application for writ of
habeas corpus is appealable.). We review the trial court's order reducing Martinez's bond
for abuse of discretion. Setting bail lies within the sound discretion of the trial court. Ex
parte Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). Article 17.15 of the Texas
Code of Criminal Procedure sets forth the criteria trial courts must consider in setting the
amount of bail, as follows:

 1. The bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.


 2. The power to require bail is not to be so used as to make it an
instrument of oppression.


 3. The nature of the offense and the circumstances under which it was
committed are to be considered.


 4. The ability to make bail is to be regarded, and proof may be taken upon
this point.

 

 5. The future safety of a victim of the alleged offense and the community
shall be considered.


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). The trial court may also consider
the length of the sentence; the accused's work record; family and community ties; length of
residency; prior record; conformity with the conditions of any previous bond; the existence
of any outstanding bonds; and any alleged aggravating circumstances involved in the offense. 
Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). Martinez bears the burden
of demonstrating that the amount of the bond is excessive. See id. at 849.

 Here, Martinez's application for writ of habeas corpus simply recited that his bond is
excessive. Martinez's application did not explain why the bond set by the trial court is
excessive. Martinez's application for writ of habeas corpus was unaccompanied by affidavits
or other evidence. Given the dearth of evidence presented, we find that the trial court did not
abuse its discretion by setting Martinez's bond at $95,000.00. We overrule Martinez's issue
and affirm the trial court's judgment.

 AFFIRMED.





 

 STEVE McKEITHEN

 Chief Justice



Submitted on February 8, 2007

Opinion Delivered March 7, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ. 
1. The clerk's record does not contain the indictment. Martinez asserts he is charged
with aggravated robbery.