In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-016 CR


____________________



EX PARTE WALTER WILSON BOOKER






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 2139 (93628)






 MEMORANDUM OPINION 


 Appellant Walter Wilson Booker filed a pro se petition for writ of habeas corpus,
seeking reduction in the amount of his bond. (1) The trial court granted habeas relief and
lowered Booker's bond from $30,000 to $29,000. Booker challenged this decision in the
trial court requesting further relief. The trial court denied Booker's challenge because the
court had previously granted the relief sought by Booker-a reduction in bond. Booker then
filed this appeal. Among various constitutional and statutory-violation assertions, Booker
essentially contends that the trial court erred by refusing to set a reasonable bond. (2) 

 Because the trial court granted Booker habeas corpus relief by lowering his bond, we
have jurisdiction to hear this appeal. See Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim.
App. 1991) (en banc) (An order on the merits of an application for writ of habeas corpus is
appealable.). We review the trial court's order setting Booker's bond at $29,000 for an abuse
of discretion. See Ex parte Ruiz, 129 S.W.3d 751, 753 & n.2 (Tex. App.-Houston [1st Dist.]
2004, no pet.). 

 We allow the trial court to exercise sound discretion in setting a defendant's bail. See
Ex parte Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). Article 17.15 of the
Texas Code of Criminal Procedure sets forth the criteria that trial courts must consider in
setting the amount of bail, and provides:

 1. The bail shall be sufficiently high to give reasonable
assurance that the undertaking will be complied with.

 2. The power to require bail is not to be so used as to make it an
instrument of oppression.

 3. The nature of the offense and the circumstances under which
it was committed are to be considered.

 4. The ability to make bail is to be regarded, and proof may be
taken upon this point.

 5. The future safety of a victim of the alleged offense and the
community shall be considered. 


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). The trial court may also consider
the accused's work record, family and community ties, length of residency, prior record,
conformity with the conditions of any previous bond, the existence of any outstanding bonds,
and any alleged aggravating circumstances involved in the offense. Ex parte Rubac, 611
S.W.2d 848, 849-50 (Tex. Crim. App. 1981). Booker bears the burden of demonstrating that
the amount of bond is excessive. See id. at 849.

 In addition to reciting that his bond is excessive and unreasonable because he is
indigent, Booker's application claims that he and his family and friends could post a bond
in the amount of $10,000, which implies that he is unable to make a higher bond. (3) The
ability to make bail is only a factor to consider and is not dispositive. Jones v. State, 803
S.W.2d 712, 716 (Tex. Crim. App. 1991); Ex parte Charlesworth, 600 S.W.2d 316, 317
(Tex. Crim. App. 1980) ("Although the ability to make bail is a factor to be considered,
ability alone, even indigency, does not control the amount of bail."). 

 Booker's application did not otherwise explain why a bond of $29,000 is excessive
and did not provide any evidence supporting his assertion. In light of the burden of proof
placed on Booker and the absence of evidence presented, we find the trial court did not abuse
its discretion by setting Booker's bond at $29,000. We overrule Booker's issue and affirm
the trial court's judgment.

 AFFIRMED. 

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on March 5, 2007

Opinion Delivered March 21, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. The clerk's record does not contain the indictment. The State's brief asserts that
Booker is charged with "aggravated robbery, a first degree felony, habitual felony offender;"
Booker states in his writ of habeas corpus that he is charged with aggravated robbery. 
2. As a point of error, Booker also states "There has been no effective assistance of
counsel within said matter since day one." However, Booker's brief contains no argument
or pertinent authorities in support of his contention. Therefore, we do not address it. See
Tex. R. App. P. 38.1(h) (Briefs must contain clear and concise arguments for the contentions
made, with appropriate citations to authorities.).
3. In Booker's appeal, he requests a reduction in his bond to $15,000 rather than
$10,000 as asserted in his writ of habeas corpus.