In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-543 CR


____________________



EX PARTE JOSE GARCIA







On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 96179






MEMORANDUM OPINION


 Appellant Jose Garcia filed a petition for writ of habeas corpus seeking a reduction
in the amount of his bond. (1) The trial court entered an order granting habeas relief and
lowering Garcia's bond from $1,000,000 to $950,000. Garcia then filed this appeal, in which 
he contends the trial court erred by refusing to set a reasonable bond. (2) We affirm.

 Because the trial court granted Garcia habeas corpus relief by lowering his bond, we
have jurisdiction to hear this appeal. See Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim.
App. 1991) (en banc) (An order ruling on the merits of an application for writ of habeas
corpus is appealable.). We review the trial court's order reducing Garcia's bond for abuse
of discretion. See Ex parte Ruiz, 129 S.W.3d 751, 753 n. 2 (Tex. App.--Houston [1st Dist.]
2004, no pet.). Setting bail lies within the sound discretion of the trial court. Ex parte
Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). Article 17.15 of the Texas Code
of Criminal Procedure sets forth the criteria trial courts must consider in setting the amount
of bail, as follows:

 1. The bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.


 2. The power to require bail is not to be so used as to make it an
instrument of oppression.

 

 3. The nature of the offense and the circumstances under which it was
committed are to be considered.


 4. The ability to make bail is to be regarded, and proof may be taken upon
this point.

 

 5. The future safety of a victim of the alleged offense and the community
shall be considered.


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). The trial court may also consider
the accused's work record; family and community ties; length of residency; prior record;
conformity with the conditions of any previous bond; the existence of any outstanding bonds;
and any alleged aggravating circumstances involved in the offense. Ex parte Rubac, 611
S.W.2d 848, 849-50 (Tex. Crim. App. 1981). Garcia bears the burden of demonstrating that
the amount of the bond is excessive. See id. at 849.

 Here, Garcia's application for writ of habeas corpus simply recited that his bond is
excessive. Other than contending that he has never before been incarcerated, Garcia's
application did not explain why the bond set by the trial court is excessive. Garcia's
application for writ of habeas corpus was unaccompanied by affidavits or other evidence. 
Given the dearth of evidence presented, we find that the trial court did not abuse its
discretion by setting Garcia's bond at $950,000. We overrule Garcia's issue and affirm the
trial court's judgment.

 AFFIRMED.


 

 STEVE McKEITHEN

 Chief Justice

Submitted on March 16, 2007

Opinion Delivered March 21, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ. 
1. The clerk's record does not contain the indictment. The State's brief asserts Garcia
is charged with murder.
2. In the "Conclusion" section of his brief, Garcia appears to complain that the trial
court erred by denying his request for a hearing on his application for writ of habeas corpus. 
However, Garcia's brief contains no argument or pertinent authorities in support of his
contention. Therefore, we do not address it. See Tex. R. App. P. 38.1(h) (Briefs must contain
clear and concise arguments for the contentions made, with appropriate citations to
authorities.).