Affirmed and Memorandum Opinion filed October 25, 2007








Affirmed
and Memorandum Opinion filed October 25, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00505-CR

____________

 

EX PARTE EBAH HADDAD

 

 



 

On Appeal from the 248th District
Court

Harris County, Texas

Trial Court Cause No. 1118827

 



 

M E M O R A N D U M   O P I N I O N

This is
an interlocutory appeal from an order denying a pretrial application for writ
of habeas corpus seeking a reduction in the $350,000 bond set by the trial
court.  In a single issue on appeal, appellant asserts that the bail amount is
excessive.  We affirm.








Appellant
is charged with the offense of making a false statement to obtain credit.[1]
The trial court originally set pre-trial bond at $2,000,000, which was
subsequently reduced to $350,000.  Appellant filed an application for writ of
habeas corpus seeking a further reduction in the amount of his bail.  After a
hearing, the trial court entered an order denying appellant habeas relief.  On
appeal, appellant contends that the amount of his bail is  unreasonable,
excessive, and oppressive and requests bail be set at no more than $30,000.

A>Bail= is the
security given by the accused that he will appear and answer before the proper
court the accusation brought against him, and includes a bail bond or a
personal bond.@  Tex. Code
Crim. Proc. Ann. art. 17.01.  Article 17.15 provides that the amount of
bail is to be governed by the following rules:

1. The bail
shall be sufficiently high to give reasonable assurance that the undertaking
will be complied with.

2. The
power to require bail is not to be so used as to make it an instrument of
oppression.

3. The
nature of the offense and the circumstances under which it was committed are to
be considered.

4. The
ability to make bail is to be regarded, and proof may be taken upon this point.

5. The
future safety of a victim of the alleged offense and the community shall be
considered.

Tex.
Code Crim. Proc. Ann.
art. 17.15.  

The
ability to make bond is one of the many factors to be considered; however, it
does not control the amount of bail and will not automatically render an amount
excessive.  Ex parte Charlesworth, 600 S.W.2d 316, 317 (Tex. Crim.
App.1980);  Ex parte Branch, 553 S.W.2d 380, 382 (Tex. Crim. App.1977). 
If the ability to make bond in a specified amount controlled, then the role of
the trial court in setting bond would be eliminated, and the accused would be
in a position to determine what his bail should be.  Ex parte Hunt, 138
S.W.3d 503, 506 (Tex. App.CFort Worth 2004, pet. ref'd).








In
addition to the rules listed in Article 17.15, the following factors may also
be considered: possible punishment, the accused's work record, his ties to the
community, the length of his residency, his prior criminal record, his
conformity with any prior bail bond conditions, his ability or inability to make
a bail bond, and the existence of any outstanding bail bonds.  Ex parte
Charlesworth, 600 S.W.2d at 317;  Ex parte Ivey, 594 S.W.2d 98, 99
(Tex. Crim. App. 1980);  Ex parte Vasquez, 558 S.W.2d 477, 479 (Tex.
Crim. App. 1977).  The primary purpose of the bail bond is to secure the
accused's presence in court.  Ex parte Vasquez, 558 S.W.2d at 479. 

Before
these charges were brought, the Haddad brothers were in the real estate
investment business buying property and reselling it at a higher price.  AStraw@ buyers, who had good credit but
insufficient income, were recruited to purchase homes at prices that did not
reflect their true value.  False information was included in the loan
applications reflecting employment with high salaries and bank deposits that
did not exist.  Profits from the sale of the homes were wired to companies set
up by the Haddads.  The state=s investigation, which is still ongoing, has revealed more
than $2.2 million from the sale of thirteen properties has been deposited in
the Haddads= accounts.

During
the investigation, the Haddads moved out of their apartment and could not be
located.  Both Haddads are Israeli Nationals on whom Immigration detainers have
been issued because they are in the United States without permission.  A
customs alert was issued in case the Haddads attempted to leave the country. 
On April 21, 2007, the Haddads were detained as they were leaving on a private
plane bound for Spain.  

The
setting of bail is a matter resting within the sound discretion of the trial
court.  Ex parte Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). 
The accused has the burden to prove that bail is excessive.  Ex parte Rubac,
611 S.W.2d 848, 859 (Tex. Crim. App. 1981).  

At the
hearing, appellant offered the testimony of Edd Blackwood, Jr., a licensed
Harris County bail bondsman.  Blackwood testified he had evaluated appellant=s financial ability to post a bail
bond and found no property or bank accounts he could pledge as collateral.  The
largest bond he would be willing to underwrite would be $30,000.  Under the
policies and practices of the bail bond business in Harris County, Blackwood
asserted that 100% collateral in the form of stocks, bonds, unencumbered real
estate or cash, would be required. If real property pledged was encumbered by
liens, $700,000 equity would be required to underwrite a $350,000 bond.








Appellant
also offered the testimony of Richard Prinz, a board certified immigration
attorney who represents the Haddads in their attempts to gain U.S.
citizenship.  He testified the brothers entered the U.S. as visitors in 1999,
married U.S. citizens, and applied for green cards requesting permanent
residence based on the marriages.  Each brother was later divorced and is
listed as Aoverstayed on his visa,@ meaning appellant is subject to deportation.  Appellant has
begun the procedure to obtain a green card through employment, listing Café
Lili as his employer, and he posted a $10,000 immigration bond.  

Additional
testimony at the hearing established that appellant has no ties to Harris
County other than some friends and a girlfriend to whom he recently became
engaged.  Two friends testified appellant could stay with them if he were
released on bond.  Appellant no longer has a residence in Harris County and has
no family here other than his brother.  

The
trial court was free to believe that appellant has access to sufficient funds
to post bond based upon the discovery of over $2.2 million being paid to the
Haddads= companies.  The evidence at the bail
hearing found that appellant has minimal ties to the community.  IN addition,
he faces punishment of up to a life term in prison for this felony offense. 
The fact that the Haddads had moved out of their apartment and were apprehended
leaving the country weighs heavily in favor of a sufficiently high bond to Agive reasonable assurance@ that appellant will appear for
trial.  See Tex. Code Crim. Proc.
Ann. art. 17.15(1).

Based
upon this record, we cannot say the trial court abused its discretion in
denying habeas relief.  Appellant has not satisfied his burden to establish
that bail should be further reduced.  Accordingly, we overrule appellant=s sole issue and affirm the trial
court=s order.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed October
25, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Ehab Haddad and Khalil Haddad are brothers charged
with being involved in the same mortgage fraud scheme.  Khalil Haddad=s appeal from the trial court=s denial of his application for writ of habeas corpus
is filed under our number 14-07-00506-CR.