

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00128-CR

———————————————————

Ex parte Moses Gonzalez

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1630377D

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellant Moses Gonzalez stands charged with family-violence assault by choking his ex-girlfriend, Amanda.[1] The trial court twice increased his bail after he violated the conditions of his release on bond, but after Appellant's third violation, the trial court revoked his bail and ordered him held without bond. It then denied Appellant's application for habeas relief, from which order he now appeals. Because we do not find that the trial court abused its discretion by ordering Appellant held without bond after he violated his bond conditions by endangering Amanda, we affirm the trial court's order denying habeas relief.

We review a ruling on a pretrial writ of habeas corpus for an abuse of discretion, viewing the facts in the light most favorable to the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). If there are no disputed facts and the resolution of the ultimate issue turns on an application of purely legal standards, our review is de novo. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). We will uphold the trial court's judgment if it is correct under any theory of law. *Ex parte McIntyre*, 558 S.W.3d 295, 299 (Tex. App.—Fort Worth 2018, pet. ref'd).

While there is no precise standard for reviewing bond settings, the setting of bail is placed by statute within the sound discretion of the trial court. Tex. Code Crim. Proc. Ann. art. 17.15; *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth

---

[1]According to the State's pleadings below, Appellant was also charged with interfering with an emergency call and, in a separate incident, criminal trespass of a habitation.

1982, pet. ref'd) (citing *Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex. Crim. App. [Panel Op.] 1979)). One factor to be considered by the court is the "future safety of a victim of the alleged offense and the community." Tex. Code Crim. Proc. Ann. art. 17.15(5). In fact, the Texas Constitution and the Code of Criminal Procedure authorize a trial court to deny bail pending trial when an accused violates a condition of release related to the safety of the victim. Tex. Const. art. I, § 11b; Tex. Code Crim. Proc. Ann. Art. 17.152(b)(1).

In this case, the State presented evidence at the bond-revocation hearing of Appellant's three bond-condition violations. Appellant's community-supervision supervisor, Danielle Mack, testified that Appellant violated the terms of his initial $5,000 bond by entering the 1,000-foot exclusion zone surrounding Amanda's apartment. After that violation, the trial court raised his bond to $10,000.

Appellant's bond was raised another $5,000 when Amanda filed a police report accusing him of contacting her by phone—a violation of his bond conditions and of a family-violence protective order issued in a separate proceeding.

Seemingly undeterred, Appellant violated his bond conditions a third time, again by entering the exclusionary zone surrounding Amanda's apartment. Officer Michael Nguyen testified that he was dispatched to Amanda's neighborhood shortly after midnight on June 4, 2020 on a report of a suspicious vehicle parked in front of the 911 caller's home. As Officer Nguyen approached the neighborhood, he saw a car matching the caller's description, followed it, and pulled it over for a traffic infraction.

3

Officer Nguyen identified Appellant as the driver and quickly determined that Appellant was driving with a suspended license and without proof of insurance. He also found Appellant's behavior evasive and suspicious; Appellant claimed to be coming from "his friend's house" but refused to identify the friend or provide any additional information.

Officer Nguyen's suspicions were further raised when he learned of the protective order in place and confirmed that the place Appellant had reportedly been parked was 290 yards[2] from Amanda's apartment. Finally, when Officer Nguyen frisked Appellant, he discovered "on his right leg from pretty much underneath his knee all the way down to his ankle, there was—it looked like packaging at first. It was . . . clear Saran wrap with multiple, I guess, layers of bands of black electrical tape." Beneath the Saran wrap and electrical tape, Officer Nguyen discovered "multiple layers of metallic-looking fabric that's gold in color" and then the ankle monitor. Appellant averred that he had injured his ankle at work and had used the Saran wrap as a sort of homemade brace. According to Mack, however, the wrap successfully blocked the ankle monitor's signal, causing her significant concern for Amanda's safety. Finally, in a search of Appellant's vehicle, officers found a prepaid phone with Google Maps open—a violation of bond conditions requiring monitoring

---

[2]Mack confirmed that this was less than 1,000 feet.

software on any internet-accessible device—and a baseball bat "with no other baseball equipment."

The trial court found that Appellant had three times violated bond conditions that had been put in place to ensure Amanda's safety and that no sufficient bond conditions could be put in place to ensure her safety. It granted the State's motion to hold Appellant without bond.

In applying for habeas relief, Appellant did not attack the sufficiency of the evidence supporting the trial court's findings of his three bond-condition violations and their threats to Amanda's safety. In fact, in his assertion that the trial court failed to fully consider the relevant factors to determining an appropriate bail amount, he admitted that his "conformity with previous bond conditions" (or lack thereof, as is the case) weighed against him in this evaluation. Appellant's argument, rather, was that the trial court erred by not considering other factors "or all of the statutory scheme regulating the constitutional right to bail." His assertion not only misrepresents the state of the record but also neglects the trial court's constitutionally- and statutorily-granted authority to deny bail in a family-violence proceeding if it found that Appellant violated a bond condition related to the victim's safety. Tex. Const. art. I, § 11b; Tex. Code Crim. Proc. Ann. art. 17.152(b)(1). Not only did the

5

trial court make such a finding, but it made three such findings, the factual bases for which remain unchallenged.[3]

We therefore cannot conclude that the trial court abused its discretion by denying Appellant's application for habeas corpus relief, and we affirm the trial court's order.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 29, 2020

---

[3]Nor does Appellant contest any implied finding that he intended to commit or threatened to commit family violence. *See* Tex. Code Crim. Proc. Ann. art. 17.152(d); *Ex parte Shires*, 508 S.W.3d 856, 860 (Tex. App.—Fort Worth 2016, no pet.) (holding that the trial court is not required to make oral or written findings when denying pretrial bail).