**Ex parte Humberto SANDOVAL.**

No. 59560.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 20, 1978.

Rehearing En Banc Denied Feb. 21, 1979.

Sam D. Adamo, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, for the State.

Before DOUGLAS, TOM DAVIS and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

This is an appeal from a habeas corpus proceeding wherein the petitioner requested the trial court to reduce the bail set in this case.

The record reflects that the petitioner filed an application for writ of habeas corpus from the 184th District Court of Harris County, Texas. The writ of habeas corpus was issued and the hearing was had upon the matter. The record reflects that peti-tioner is being held upon an indictment alleging that he did knowingly and intentionally possess a controlled substance, to-wit, cocaine, with intent to deliver. Bail had been set in the amount of $500,000. The judge hearing the application for reduction of bail denied petitioner's request for relief, from which he gave notice of appeal to this Court.

The petitioner presented evidence that he was married, had two children and had lived in New York City prior to moving to Colombia and becoming a citizen of that country. He returned to the United States in 1977, to Houston. He had an apartment in Houston with his wife and children, and his children had started school in Houston. He was legally in Houston, even though he was still a resident of Colombia.

Petitioner also presented testimony that he had never been convicted of a crime in either the United States or Colombia. He also presented testimony as to his ability to make bail in the amount of $10,000.

The State presented no testimony as to the circumstances surrounding the commission of the crime with which appellant was charged, the sufficiency of the evidence indicating his likelihood of conviction, the severity of the punishment or any prior criminal history on the part of the petitioner.

While we recognize that the primary purpose of setting bail is to ensure the presence of the petitioner in court upon the trial of the charge against him, there are other factors which enter into the determination of what constitutes reasonable bail in any particular case. Factors for consideration by the court in determining reasonable bail include likelihood and probable severity of punishment, as well as the ability of the accused to make bail. *Ex parte Alba*, 469 S.W.2d 188 (Tex.Cr.App.1971). This Court has also recognized in the past that the fact that a person is a citizen of another country is not, by itself, a sufficient reason to require excessive bail even if it is a proper consideration in setting bail. *Ex parte Salinas*, 561 S.W.2d 10 (Tex.Cr.App. 1978).

Since this record contains no evidence of aggravating factors which would indicate that the petitioner herein will probably receive a lengthy sentence in the penitentiary as a result of this charge, we find that bail in the amount of $500,000 is excessive in this case. On the other hand, the petitioner's ability to make bail is not controlling either. We therefore set reasonable bail in this cause in the sum of $50,000.

The petitioner's request for reduction of bail is granted and bail is set in the sum of $50,000. It is so ordered.