**Ex parte Saffa BELL, Appellant.**

**No. 01–89–00905–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 1, 1990.

James Leitner, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Harris County, Winston Cochran, Jr., Asst. Dist. Atty., Lynne Parsons, Houston, for appellee.

Before DUNN, WARREN and COHEN, JJ.

## OPINION

DUNN, Justice.

Appellant was convicted of burglary of a habitation with intent to commit sexual assault; a jury assessed punishment at five years. The trial court originally set no appellate bond, but reconsidered and set bond at $50,000. Appellant then filed a writ of habeas corpus, asserting the appellate bond set by the court was excessive. The court held a hearing on the writ, and ordered the bond to remain at $50,000. Appellant appeals on the ground that the bond is excessive. He asks the Court to set bond in the amount of $5,000.

■ The setting of bonds is a matter resting within the sound discretion of the trial court, and there is no precise standard

for reviewing its determination. *Ex parte Pemberton,* 577 S.W.2d 266, 267 (Tex.Crim. App.1979); *Ex parte Welch,* 729 S.W.2d 306, 309 (Tex.App.—Dallas 1987, no pet.); *Ex parte Miller,* 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd). In setting bonds, the trial court must follow the guidelines established by Tex.Code Crim.P. Ann. art. 17.15 (Vernon 1985).[1] After an accused has been found guilty and begins post-verdict proceedings, however, the criteria set forth in article 17.15 are modified somewhat and supplemented by additional relevant considerations reflected by the provisions of Tex.Code Crim.P.Ann. art. 44.04 (Vernon 1985).[2] *Ex parte Davila,* 623 S.W.2d 408, 410 (Tex.Crim.App. [Panel Op.] 1981).

In *Ex parte August,* 552 S.W.2d 169, 170 (Tex.Crim.App.1977), the court, in addressing the criterion to be applied in setting an appeal bond, held:

> Undoubtedly, the sentence imposed upon conviction for crime is one of the most important circumstances to be considered in determining the amount of bail pending appeal. The Legislature considered it of great significance by denying bail to those appealing criminal convictions with sentences in excess of 15 years.

(Citation omitted.) This holding has been consistently applied by the court. *See Ex parte Davila,* 623 S.W.2d at 410; *Mayo v. State,* 611 S.W.2d 442, 444 (Tex.Crim.App. 1981); *Ex parte Pemberton,* 577 S.W.2d 266, 267 (Tex.Crim.App.1979). *See also McCartin v. State,* 666 S.W.2d 170 (Tex. App.—Corpus Christi 1983, no pet.).

■ There was much discussion between the trial court and the attorneys regarding

the nature of the offense and the aggravating circumstances surrounding the offense. The trial judge's findings that "this is a very violent offense," and "this [is] one of the most premeditated crimes that it's presided over in years," indicates that, in determining the amount of bond, the court placed great weight on the nature of the offense. However, the Court of Criminal Appeals has held that these factors are not entitled to consideration when setting the amount of bail after conviction. *Ex parte Davila,* 623 S.W.2d at 409 n. 2; *Ex parte Mendoza,* 414 S.W.2d 666, 668 (Tex.Crim. App.1967).

■ Aside from the sentence imposed, other factors that may be considered in determining the amount of bond include family ties, residency, ability to make bond, the defendant's work history, prior criminal record, and previous outstanding bonds. *Ex parte Willman,* 695 S.W.2d 752, 754 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *Ex parte Goosby,* 685 S.W.3d 440, 441 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

■ In summarizing the facts before us, we find that this was appellant's second trial; the jury in the first trial could not reach a verdict, and a mistrial was granted. The punishment range for this offense is 5 to 99 years imprisonment. Tex.Penal Code § 12.32 (Vernon 1979). The jury assessed punishment at five years, the minimum allowed. Appellant has lived in the Harris County area for most of his life. He is married and has one child. His parents, his wife's parents, and his siblings all reside in Harris County.

---

1. Article 17.15 provides:
   The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
   1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
   2. The power to require bail is not to be so used as to make it an instrument of oppression.
   3. The nature of the offense and the circumstances under which it was committed are to be considered.

   4. The ability to make bail is to be regarded, and proof may be taken on this point.
   5. The future safety of a victim of the alleged offense may be considered.

2. The trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail ... The court may impose reasonable conditions on bail until his conviction is final. Tex. Code Crim.P.Ann. art. 44.04(c) (Vernon 1985).

While awaiting trial on this offense, appellant was free on a pre-trial release services bond, which required him to report once a week and to submit to random urinalysis testing. Thomas McCarty, Jr., division chief of the defendant monitoring section of the Harris County Pre-trial Services, testified that appellant "faithfully and dutifully" carried out the terms and conditions of his bond. At the time of trial, appellant had been out on bond for almost one and a half years.

Prior to trial, appellant had been employed at Riviana Foods in a quality control lab for approximately one year. Before that, he performed "contract" work, meaning various jobs, with people he has known over the years. He has also been self-employed as a finish carpenter. Appellant has since been fired from his job at Riviana, but does have an offer of employment in Harris County if he is released. The court found appellant indigent. Appellant's only other criminal record is a $50.00 fine for trespassing in 1980, and two failure to appear traffic warrants in 1986.

Applying the established criteria to these facts, we conclude that the bond set by the trial court is excessive. Therefore, appellant's bond is reduced to $10,000.

It is so ORDERED.