In the Matter of K.L.C., Respondent.

No. 98–1091.

Supreme Court of Texas.

April 1, 1999.

Maida Corder Modgling, Hondo, for Relator.

Rogelio F. Munoz, Uvalde, for Respondent.

## OPINION

Justice OWEN delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice ENOCH, Justice ABBOTT, Justice HANKINSON, Justice O'NEILL and Justice GONZALES joined.

This juvenile case concerns whether the trial court's failure to comply with section 54.03(b) of the Family Code was error and whether those errors require reversal. We hold that the trial court's failure to satisfy section 54.03(b)(1)'s requirement that the court explain the allegations against the child was error but that it was harmless error in this case. We further hold that the trial court's incomplete explanation regarding the admissibility of the juvenile record in future proceedings also constituted harmless error under the circumstances of this case. Accordingly, we reverse the judgment of the court of appeals.

K.L.C. was charged with engaging in delinquent conduct by committing seven counts of aggravated sexual assault. K.L.C. pleaded "not true" and waived his right to a jury trial. The trial court found that K.L.C. engaged in delinquent conduct and committed him to the Texas Youth Commission for a determinate sentence of five years. K.L.C. appealed.

The court of appeals reversed the adjudication of delinquency on the grounds that the trial court failed to adequately explain to the child the allegations against him as required by section 54.03(b)(1) of the Texas Family Code and that the trial court incorrectly explained the law relating to the admissibility of a juvenile record in a later adult criminal proceeding as required by section 54.03(b)(2).[1] The court of appeals concluded that those errors "require[d] reversal without a showing of harm and regardless of whether the juvenile objected at trial."[2]

■ In its appeal to this Court, the State argues that the child was adequately apprised of the allegations against him. The State contends that the trial court substantially complied with section 54.03(b)(1) by explaining to K.L.C. what "allegations" are and then by directing the prosecutor to read the petition in open court. The State further argues that the statute does not require the trial court to restate or paraphrase each of the allegations or to inquire whether the juvenile understands them. Rather, the State contends that depending on the circumstances of the case, the trial court can fulfill the requirement of section 54.03(b)(1) in any number of ways, so long as the method used fully explains to the juvenile the allegations against him. In the alternative, the State contends that the trial court's errors, if any, were harmless.

■ We cannot agree that the requirements of section 54.03(b)(1) are met when the prosecutor reads the petition in open court. The statute unequivocally directs the trial court to explain to the child the allegations made against him or her.[3]

1. Section 54.03(b) of the Family Code provides that the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem the following:
   (1) the allegations made against the child;
   (2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;
   (3) the child's privilege against self incrimination;
   (4) the child's right to trial and to confrontation of witnesses;
   (5) the child's right to representation by an attorney if he is not already represented; and
   (6) the child's right to trial by jury.
   TEX. FAM.CODE § 54.03(b).

2. 981 S.W.2d 1, 4.

3. See TEX. FAM.CODE § 54.03(b)(1).

That statutory duty cannot be delegated to the prosecutor.

■ Nevertheless, the trial court's error was not harmful under the circumstances of this case. Before asking the prosecutor to read the petition, the trial court explained the nature of the proceeding by telling K.L.C. that "[t]he reason for this hearing is to find out if the things that the State of Texas said that you did in their petition are true or not true." Then, the trial court explained to K.L.C. that "allegations" are "[t]hose things as [sic] the State said you did." After an attempted waiver of the reading of the petition by K.L.C.'s attorney, the prosecutor read the entire petition in the presence of the trial court, K.L.C., and K.L.C.'s three attorneys. The sexual assault allegations in the State's petition were very specific. Each count described in explicit detail the sexual acts that K.L.C. allegedly performed with his sister's children. After each count was read, the court asked K.L.C. for his plea, and K.L.C. responded by pleading "not true" to each of the seven counts. We hold that, under these facts, the reading of the allegations in the petition by the prosecutor at the direction of and in the presence of the trial court was not harmful error.

■ We note that at least two courts of appeals have held that the mere reading of the allegations by the prosecutor is insufficient to satisfy section 54.03(b)(1).[4] We agree, but we disapprove of those decisions to the extent that they could be read as holding that such error is harmful even though a petition is read at the direction of and in the presence of the trial court and

is sufficiently clear and direct to explain the allegations against the juvenile.

■ K.L.C. contends that the trial court also erred because its explanation regarding the use of an adjudication of delinquency in a future criminal proceeding was incorrect. The trial court told K.L.C. that "you need to know that the records of these proceedings may be used in subsequent criminal proceedings if the Court finds you violated the penal law listed in Family Codes [sic] 53.045(a)."[5] When K.L.C. allegedly committed the offenses, article 37.07 of the Code of Criminal Procedure provided that an adjudication of delinquency based on *a felony* would be admissible in a future criminal proceeding.[6] Thus, the record would be admissible if the juvenile was adjudicated delinquent for committing any felony, not just the violent felonies listed in section 53.045(a) of the Family Code. Further, article 37.07 contained a proviso making a juvenile record inadmissible if it was over five years old and if the defendant had not been convicted or adjudicated delinquent for any other crime during that five years.[7] But the trial court did not mention that proviso.

While the trial court's explanation was somewhat incorrect and incomplete, nothing in the record indicates how K.L.C. was harmed. There was no evidence that K.L.C. would and could have accepted a plea agreement based on an offense other than those listed in Family Code section 53.045(a).[8] Nor was there evidence that K.L.C. was harmed by the trial court's failure to tell him that the record would be inadmissible if it was over five years old

---

4. *See P.L.W. v. State*, 851 S.W.2d 383, 385 (Tex.App.—San Antonio 1993, no writ); *In re L.T.*, 848 S.W.2d 769, 771–72 (Tex.App.—Corpus Christi 1993, no writ); *J.D.P. v. State*, 691 S.W.2d 106, 107 (Tex.App.—San Antonio 1985, no writ).

5. Section 53.045(a) lists a series of violent felony offenses, including aggravated sexual assault. *See* TEX. FAM.CODE § 53.045(a).

6. *See* Act of May 26, 1993, 73d Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759.

7. *Id.*

8. *See generally In re C.O.S.*, 988 S.W.2d 760, 767 (Tex.1999); *In re D.I.B.*, 988 S.W.2d 753, 760 (Tex.1999).

and if he had not been convicted of another crime.

Accordingly, without hearing oral argument and pursuant to Texas Rule of Appellate Procedure 59.1, we grant the State's petition for review, reverse the judgment of the court of appeals, and affirm the trial court's judgment of delinquency and its assessment of a determinate sentence.

Justice BAKER filed a concurring opinion.

Justice BAKER, concurring.

I disagree with the analysis in this opinion but I concur in the judgment.