**Pedro COMPIAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–00771–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 7, 1999.

David Cunningham, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## O P I N I O N

PER CURIAM.

Pedro Compian, Jr. (Appellant) appeals from the trial court's habeas corpus judgment. Following his conviction for aggravated sexual assault of a child, Appellant filed an application for writ of habeas corpus seeking to reduce the amount of his appeal bond. Following an evidentiary hearing, the trial court reduced Appellant's appeal bond from $350,000 to $150,000. Appellant maintains that the amount of his appeal bond remains excessive. We reverse and remand with instructions.

■ A defendant's eligibility for bond pending appeal is governed by article 44.04 of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 44.04 (Vernon Supp.1999). Generally, a defendant convicted of a felony offense may be eligible for release on a reasonable appeal bond unless there exists good cause to believe that he or she will not appear when his or her conviction becomes final or is likely to commit another offense while on bond. *See id.; Mayo v. State,* 611 S.W.2d 442, 444 (Tex.Crim.App. [Panel Op.] 1981). In *Ex parte Davila,* 623 S.W.2d 408 (Tex. Crim.App. [Panel Op.]1981), the court identified the following factors that an appellate court may consider in reviewing the reasonableness of the amount of an appeal bond:

(1) The punishment assessed,

(2) The nature of the offense,

(3) The appellant's work record, family ties, and length of residency,

(4) The ability to make bond,

(5) The prior criminal record of appellant,

(6) The existence of other outstanding bonds, and

(7) The appellant's conformity with previous bond conditions.

*Id.* at 410. The court in *Ex parte Davila* also recognized that "bail should be set sufficiently high reasonably to assure appearances, but not be used as an instrument of oppression...." *Id.* at 409, n. 2; *see also* Tex.Code Crim. Proc. Ann. art 17.15 (Vernon Supp.1999).

■ As to the punishment assessed in this case, the first factor, the trial court sentenced Appellant to thirteen years' confinement upon his felony conviction. Appellant's punishment term falls within the permissible range for appeal bond eligibility upon a felony conviction. *See* Tex.Code Crim. Proc. Ann. art 44.04(b) (Vernon Supp.1999) (a defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds fifteen years' confinement); *see also Ex parte Davila,* 623 S.W.2d at 410; *Jackson v. State,* 810 S.W.2d 3, 5 (Tex. App.-Houston [14th Dist.] 1991, no pet.).

■ Concerning the nature of the offense, the second factor, we observe that Appellant was convicted of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B) (Vernon Supp. 1999). Aggravated sexual assault of a child is a serious and violent offense. *See In the Matter of K.L.C.,* 990 S.W.2d 242, 244 (Tex.1999). The record shows that over the course of several years, Appellant sexually assaulted a young female child by penetrating her vagina with his fingers. Nevertheless, this factor plays a more significant role in fixing the amount of pretrial bond, rather than the amount of an appeal bond.[1] *See Davila,* 623 S.W.2d at

---

1. If the nature and circumstances of the convicted offense indicate that the defendant is likely to commit another offense or will not appear when his or her conviction becomes final, the proper action is to deny bond, rather than setting a bond so unusually high that it is out of the reach of the defendant. *See* Tex.Code Crim. Proc. Ann. art. 44.04(c) (Vernon Supp.1999). In this case, there is no evidence in the record before us to suggest any

409 n. 2.; *Ex parte Bell,* 784 S.W.2d 577, 578 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd, untimely filed). This is because where the nature of the offense is serious and involves aggravating factors, the likelihood of a lengthy prison sentence following trial is great. *See Ex parte Sandoval,* 576 S.W.2d 634, 636 (Tex.Crim.App. [Panel Op.] 1978). Thus, the pre-trial bond in those kind of cases should be set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy prison sentence may be to not appear.[2] *See id.; see also Ex parte Davila,* 623 S.W.2d at 409 n. 2. Here, Appellant was already convicted and sentenced. Thus, in fixing the amount of his appeal bond, the nature of Appellant's offense is of little significance.[3] *See Davila,* 623 S.W.2d at 409 n. 2.; *Ex parte Bell,* 784 S.W.2d at 578.

■ As to factors three through seven, inclusive, they are respectively in favor of Appellant being granted a reduced bond. The record shows that Appellant has an excellent employment history spanning twenty years and sufficient family ties in Texas. Appellant has employment available to him upon his release and is engaged to be married. Further, the record shows that Appellant does not have a prior criminal record nor does it show the existence of any outstanding bonds. The record also indicates that Appellant conformed with his pre-trial bond conditions. Finally, Appellant demonstrated an inability to post the appeal bond set by the trial court.

Once a determination is made that a defendant is eligible for an appeal bond, the amount of the of the bond must be "reasonable." *See* TEX.CODE CRIM. PROC. ANN. art. 44.04(c) (Vernon Supp.1999). By setting an appeal bond in this case, the trial court must have found that Appellant was eligible for release on bond. In assessing the reasonableness of the bond in this case, the evidence shows that Appellant maintains a permanent residence in Texas, poses little flight risk, is not a danger to the victim and community, and cannot afford to post an appeal bond of $150,000. Only in rare circumstances would such amount be justified. *See Ex parte Rubac,* 611 S.W.2d 848 (Tex.Crim. App. [Panel Op.] 1981) (appeal bond reduced from $100,000 to $25,000 on conviction of possession of controlled substance with intent to deliver); *Ex parte Pemberton,* 577 S.W.2d 266 (Tex.Crim.App. [Panel Op.] 1979) (appeal bond reduced from $55,000 to $25,000 on conviction of aggravated robbery); *Ex parte Sandoval,* 576 S.W.2d at 636 (appeal bond reduced from $500,000 to $50,000 on conviction of possession of controlled substance with intent to deliver); *Ex parte Brown,* 561 S.W.2d 175 (Tex. Crim.App. [Panel Op.] 1978) (appeal bond reduced from $50,000 to $15,000 on conviction of aggravated robbery); *Ex parte Wood,* 952 S.W.2d 41, 43 (Tex.App.-San Antonio 1997, no pet.) (appeal bonds reduced from $450,000 to $70,000 on convictions of capital murder and aggravated robbery); *Ex parte Bell,* 784 S.W.2d at 579 (appeal bond reduced from $50,000 to $10,000 on conviction of burglary of a habi-

---

concern by the State that Appellant will either commit another offense or fail to appear when his conviction becomes final.

**2.** Prior to and during his trial, Appellant was free on a $20,000 bond.

**3.** However, to the extent a convicted defendant's pre-trial bond was correctly assessed, an alternative approach is simply to assess the amount by which an appeal bond should be increased to reflect a recognition that a convicted defendant has greater motivation to

flee after conviction because (a) the conviction removes any hope of being acquitted at the initial trial; (b) the pre-trial *prospect* of a lengthy prison sentence may have become a reality; (c) being free during the appellate process can give a convicted defendant a heightened appreciation of his liberty; and (d) the low reversal rate of criminal convictions may convince a convicted defendant that his conviction is not likely to be reversed and that, even upon a reversal, he would again be convicted if re-tried.

tation with intent to commit sexual assault).

Based upon the facts contained in record before this Court, we hold that the appeal bond of $150,000 is excessive. The evidence in the record suggests that Appellant is able to post bond only in the amount of $25,000. However, a defendant's ability to post bond is not controlling. *See Ex parte Sandoval,* 576 S.W.2d at 636. Accordingly, we set reasonable bond in this case pending appeal in the sum of $50,000.

The trial court's judgment is reversed and the habeas corpus relief sought is therefore granted to the extent that Appellant's bond is ordered reduced to $50,000. We remand this matter to the trial court for the purpose of entering an order setting Appellant's appeal bond at $50,000, and for the purpose of imposing reasonable conditions on bail in the event that Appellant is able to post bond.