NO. 07-09-0349-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 9, 2010

______________________________

 

LEONARD A.
PRIEL,

Appellant

v.

 

THE STATE OF TEXAS,

Appellee

_______________________________

 

FROM THE 364TH
DISTRICT COURT OF LUBBOCK COUNTY;

 

NO.
2009-001,159; HON. BRAD UNDERWOOD, PRESIDING

_______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Leonard
A. Priel appeals from the trial court=s order denying his application for
writ of habeas corpus seeking a reduction in bond.  He claims an abuse of the trial court=s discretion.  We disagree and affirm the order.

Priel was charged with aggravated sexual
assault of a child (his daughters) and bail was originally set at $75,000.  He then filed an application for writ of
habeas corpus seeking a reduction in bond which, after a hearing, the trial
court denied.








  The primary purpose of an appearance bond is
to secure the presence of the accused at trial on the offense charged.  Ex parte Vasquez, 558
S.W.2d 477, 479 (Tex. Crim. App. 1977). 
In setting bond, the trial court is to be guided by rules set forth in
the Code of Criminal Procedure.  That is,
1) bail shall be sufficiently high to give reasonable assurance that the
undertaking will be met; 2) the requirement of bail is not to be used as an
instrument of oppression; 3) the nature of the offense and the circumstances
under which it was committed should be considered; 4) the applicant=s ability to make bail should be
considered; and 5) the future safety of the victim and the community shall be
considered.  Tex. Code Crim. Proc. Ann.  art. 17.15 (Vernon 2005).  Other factors to weigh include 1) the accused=s work record, 2) his family ties, 3)
his length of residence, 4) his prior criminal record, if any, 5) his
compliance with the conditions of any previous bond, 6) the existence of
outstanding bonds, and 7) any aggravating circumstances alleged in the charged
offense.  Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981).  The court may also consider the potential
sentence and the nature of the crime.  Ex parte Hunt, 138 S.W.3d 503, 506 (Tex. App.–Fort Worth 2004, pet. ref=d).  Finally, the defendant has the burden to
establish the excessiveness of the bail set. 
Id. at 505-06.  With those criteria in mind, we turn to
the record before us.

Priel resides in California with his fiancé
and her two female daughters.  His
parents are retired, maintain an address but no home in Livingston, Texas, live
in a recreational vehicle, and travel. 
His children live in east Texas. 
The only other relative he apparently has in Texas is a sister who lives
in Houston.  Thus, his familial ties to
Lubbock are nominal at best, or so the trial court could have reasonably
concluded.








Next,
the criminal proceeding from which this appeal arose was not the only one
pending against appellant.  In addition
to being under indictment for the aggravated sexual assault of two of his
children, he was previously indicted for committing the offense of injury to a
child.  Appellant having been indicted in
both situations, it can be said that an independent body has determined that
there existed articulable facts or particular
evidence at least sufficient to establish probable cause to believe that he
committed the offenses.  One of the
police reports accepted into evidence also alludes to appellant being Ainvolved with child pornography@; this may or may not be why defense
counsel propounded questions to various witnesses regarding computers and their
potential availability to appellant if he was to make bail.  








That appellant
has returned periodically to attend the hearings held as part of his
prosecution for injuring a child illustrates that he will also appear to defend
against the sexual assault charge, according to appellant.  Yet, aggravated sexual assault of a child is
a felony of the first degree, Tex. Penal Code Ann. '22.021(e) (Vernon Supp. 2009), and punishable by a
prison term ranging from five years to life.  Id. '12.32(a); see also Compian v. State, 7 S.W.3d 199, 200 (Tex.
App.–Houston [14th Dist.]
1999, no pet.) (recognizing aggravated sexual assault
of a child to be a serious and violent offense and, because it is, the nature
of the charge plays a significant role in determining the accused=s pre-trial bond). On the other hand,
injury to a child may be anything from a state jail felony to a felony of the
first degree, depending upon such criteria as the actor=s mens
rea and the extent of injury inflicted.[1]
  See
id. '22.04 (e)-(g). 
Thus, the term of incarceration accompanying a conviction for such an
offense may be as little as a range of 180 days to two years.  Id. '12.35(a). Given this potential
disparity in potential terms of imprisonment, appellant may have more incentive
to avoid trial for aggravated sexual assault. 
This, in turn, makes it somewhat difficult to say that just because
appellant regularly appeared at hearings relating to the offense carrying a
potentially lesser punishment, he will appear to defend against an offense that
potentially carries with it far more punishment.  Simply put, there may be more reason for him
to flee now than before.  

Next, Priel=s fiancée testified that she had
spoken with one bonding company and that it represented it would be willing to
assist if appellant=s bond was reduced from its current
amount of $75,000 to $25,000.  Whether
she tried to contact other bondsmen on behalf of appellant went
unmentioned.  Thus, the trial court
lacked basis from which to reasonably infer that no bond company would be
willing to issue a bond of $75,000 for appellant.  We further note that while the fiancée
testified that she and appellant=s parents could raise approximately
$3,000 for a bond, appellant=s father simply said that they could
only Acome up with@ that sum A[a]t this present time .
. . .@ 
(Emphasis added).  The conditional
language could have been of import to the trial court for it left open the
possibility that additional assets for appellant=s use may be available in the
future.   








Of additional
note is the dearth of evidence developing the extent of assets, if any,
available to or owned by appellant. 
Apparently, he was unemployed and had no savings account or stocks or
bonds.  Yet, no one asked about whether
he owned realty, had other investments, or had other sources of income.  As for the checking account he owned with his
fiancée, there was a comment about it being depleted given appellant=s trips back to Lubbock, but what
amount remained in it, if any, was undisclosed. 
Regarding the assets of his fiancée who was apparently willing to use
them for appellant, there was indication that she too was unemployed, but
receiving disability payments.  However,
no one asked her about the amount of those payments.  They could be de minimus
or substantial depending upon their source (i.e. governmental or private
and contractual), but in any case, the topic should have been better
covered.  

Also missing
from the record was whether the attorneys representing appellant with regard to
any of his criminal proceedings were appointed or retained.  If the latter, then question would arise as
to where the funds were obtained to retain them.  

Simply put,
the evidence regarding the funds and assets available to appellant was sparse
and conclusory. 
None was supported by documentation. 
For the most part, it consisted of oral generalities uttered by
individuals related or soon to be related to appellant.  Given its conclusory
nature and the personal relationship between appellant and those proffering it,
the trial court was not obligated to accept it as true.              

As for the
evidence about appellant having access to a house if freed and told to stay in
Lubbock, the house in question was located within walking distance of a park
and elementary school.  The trial judge
may have deemed such a location less than ideal for someone being tried for
injuring and sexually assaulting children.  
And, though the alleged victims of his conduct (two of his own children)
do not live in Lubbock or with Priel, his fiancée=s two daughters live with him in
California. 

     








As previously
mentioned, the evidence before the trial court was a mixed bag of generalities
proffered by those having an interest in securing appellant=s release.  As some have said, Athe devil is in the details.@ 
Had more detail been afforded the trial court, then the result may have
been different.  But, that is only
speculation.  Nonetheless, the severity
of the crime involved, the sketchy evidence about appellant=s finances and those of the people
willing to help him, and the few ties appellant had with the community prevent
us from concluding that the trial court erred in refusing to reduce appellant=s bail.  See Milner v. State, 263 S.W.3d 146,
149 (Tex. App.–Houston [1st
Dist.] 2006, no pet.) (finding no abuse of discretion where defendant was
charged with murder and attempted murder even though he had satisfied the
conditions of another bond since he did not have a reason to remain in the
county if released, had a prior criminal record, and posed a safety risk to the
community); Clemons v. State, 220 S.W.3d 176, 179 (Tex. App.–Eastland 2007, no pet.) (noting the seriousness of the offense, i.e. the
aggravated sexual assault of a child, as a factor in setting bail at $75,000).  

Accordingly,
appellant=s complaints are overruled, and the
order of the trial court is affirmed.

 

                                    Brian Quinn

                                    Chief
Justice

 

Do not publish.

 

 











[1]No
one cited us to evidence indicating whether the indictment for injuring a child
averred a state jail felony or a felony of the first degree.  Nor did we find any such evidence.