NO. 07-09-0349-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 9, 2010
______________________________

LEONARD A. PRIEL,
Appellant
v.

THE STATE OF TEXAS,
Appellee
_______________________________

FROM THE 364[TH] DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-001,159; HON. BRAD UNDERWOOD, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Leonard A. Priel appeals from the trial courts order denying his application for writ of habeas corpus seeking a reduction in bond. He claims an abuse of the trial courts discretion. We disagree and affirm the order.
Priel was charged with aggravated sexual assault of a child (his daughters) and bail was originally set at $75,000. He then filed an application for writ of habeas corpus seeking a reduction in bond which, after a hearing, the trial court denied.

 The primary purpose of an appearance bond is to secure the presence of the accused at trial on the offense charged. Ex parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). In setting bond, the trial court is to be guided by rules set forth in the Code of Criminal Procedure. That is, 1) bail shall be sufficiently high to give reasonable assurance that the undertaking will be met; 2) the requirement of bail is not to be used as an instrument of oppression; 3) the nature of the offense and the circumstances under which it was committed should be considered; 4) the applicants ability to make bail should be considered; and 5) the future safety of the victim and the community shall be considered. Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). Other factors to weigh include 1) the accuseds work record, 2) his family ties, 3) his length of residence, 4) his prior criminal record, if any, 5) his compliance with the conditions of any previous bond, 6) the existence of outstanding bonds, and 7) any aggravating circumstances alleged in the charged offense. Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). The court may also consider the potential sentence and the nature of the crime. Ex parte Hunt, 138 S.W.3d 503, 506 (Tex. App. - Fort Worth 2004, pet. refd). Finally, the defendant has the burden to establish the excessiveness of the bail set. Id. at 505-06. With those criteria in mind, we turn to the record before us.
Priel resides in California with his fiancé and her two female daughters. His parents are retired, maintain an address but no home in Livingston, Texas, live in a recreational vehicle, and travel. His children live in east Texas. The only other relative he apparently has in Texas is a sister who lives in Houston. Thus, his familial ties to Lubbock are nominal at best, or so the trial court could have reasonably concluded.

Next, the criminal proceeding from which this appeal arose was not the only one pending against appellant. In addition to being under indictment for the aggravated sexual assault of two of his children, he was previously indicted for committing the offense of injury to a child. Appellant having been indicted in both situations, it can be said that an independent body has determined that there existed articulable facts or particular evidence at least sufficient to establish probable cause to believe that he committed the offenses. One of the police reports accepted into evidence also alludes to appellant being involved with child pornography; this may or may not be why defense counsel propounded questions to various witnesses regarding computers and their potential availability to appellant if he was to make bail. 

That appellant has returned periodically to attend the hearings held as part of his prosecution for injuring a child illustrates that he will also appear to defend against the sexual assault charge, according to appellant. Yet, aggravated sexual assault of a child is a felony of the first degree, Tex. Penal Code Ann. 22.021(e) (Vernon Supp. 2009), and punishable by a prison term ranging from five years to life. Id. 12.32(a); see also Compian v. State, 7 S.W.3d 199, 200 (Tex. App. - Houston [14th Dist.] 1999, no pet.) (recognizing aggravated sexual assault of a child to be a serious and violent offense and, because it is, the nature of the charge plays a significant role in determining the accuseds pre-trial bond). On the other hand, injury to a child may be anything from a state jail felony to a felony of the first degree, depending upon such criteria as the actors mens rea and the extent of injury inflicted. See id. 22.04 (e)-(g). Thus, the term of incarceration accompanying a conviction for such an offense may be as little as a range of 180 days to two years. Id. 12.35(a). Given this potential disparity in potential terms of imprisonment, appellant may have more incentive to avoid trial for aggravated sexual assault. This, in turn, makes it somewhat difficult to say that just because appellant regularly appeared at hearings relating to the offense carrying a potentially lesser punishment, he will appear to defend against an offense that potentially carries with it far more punishment. Simply put, there may be more reason for him to flee now than before. 
Next, Priels fiancée testified that she had spoken with one bonding company and that it represented it would be willing to assist if appellants bond was reduced from its current amount of $75,000 to $25,000. Whether she tried to contact other bondsmen on behalf of appellant went unmentioned. Thus, the trial court lacked basis from which to reasonably infer that no bond company would be willing to issue a bond of $75,000 for appellant. We further note that while the fiancée testified that she and appellants parents could raise approximately $3,000 for a bond, appellants father simply said that they could only come up with that sum [a]t this present time . . . . (Emphasis added). The conditional language could have been of import to the trial court for it left open the possibility that additional assets for appellants use may be available in the future. 

Of additional note is the dearth of evidence developing the extent of assets, if any, available to or owned by appellant. Apparently, he was unemployed and had no savings account or stocks or bonds. Yet, no one asked about whether he owned realty, had other investments, or had other sources of income. As for the checking account he owned with his fiancée, there was a comment about it being depleted given appellants trips back to Lubbock, but what amount remained in it, if any, was undisclosed. Regarding the assets of his fiancée who was apparently willing to use them for appellant, there was indication that she too was unemployed, but receiving disability payments. However, no one asked her about the amount of those payments. They could be de minimus or substantial depending upon their source (i.e. governmental or private and contractual), but in any case, the topic should have been better covered. 
Also missing from the record was whether the attorneys representing appellant with regard to any of his criminal proceedings were appointed or retained. If the latter, then question would arise as to where the funds were obtained to retain them. 
Simply put, the evidence regarding the funds and assets available to appellant was sparse and conclusory. None was supported by documentation. For the most part, it consisted of oral generalities uttered by individuals related or soon to be related to appellant. Given its conclusory nature and the personal relationship between appellant and those proffering it, the trial court was not obligated to accept it as true. 
As for the evidence about appellant having access to a house if freed and told to stay in Lubbock, the house in question was located within walking distance of a park and elementary school. The trial judge may have deemed such a location less than ideal for someone being tried for injuring and sexually assaulting children. And, though the alleged victims of his conduct (two of his own children) do not live in Lubbock or with Priel, his fiancées two daughters live with him in California. 
 

As previously mentioned, the evidence before the trial court was a mixed bag of generalities proffered by those having an interest in securing appellants release. As some have said, the devil is in the details. Had more detail been afforded the trial court, then the result may have been different. But, that is only speculation. Nonetheless, the severity of the crime involved, the sketchy evidence about appellants finances and those of the people willing to help him, and the few ties appellant had with the community prevent us from concluding that the trial court erred in refusing to reduce appellants bail. See Milner v. State, 263 S.W.3d 146, 149 (Tex. App. - Houston [1[st] Dist.] 2006, no pet.) (finding no abuse of discretion where defendant was charged with murder and attempted murder even though he had satisfied the conditions of another bond since he did not have a reason to remain in the county if released, had a prior criminal record, and posed a safety risk to the community); Clemons v. State, 220 S.W.3d 176, 179 (Tex. App. - Eastland 2007, no pet.) (noting the seriousness of the offense, i.e. the aggravated sexual assault of a child, as a factor in setting bail at $75,000). 
Accordingly, appellants complaints are overruled, and the order of the trial court is affirmed.

 Brian Quinn
 Chief Justice

Do not publish.