# IN THE SUPREME COURT OF TEXAS

═══════════

No. 19-0306

═══════════

IN THE INTEREST OF B.C., A CHILD

═══════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

═══════════

**PER CURIAM**

The Texas Family Code grants indigent parents the right to appointed counsel in government-initiated suits seeking to terminate parental rights. TEX. FAM. CODE § 107.013(a). When a parent claims indigence, an attorney shall be appointed if the trial court determines the parent is indigent, but the court may not hold a hearing to make that determination until the parent has filed an affidavit of indigence in accordance with the rules of civil procedure. *Id.* § 107.013(d) (citing TEX. R. CIV. P. 145(b)). In this case, the court of appeals erred in holding the trial court was required to conduct a pre-trial inquiry into a parent's indigency status, because she neither claimed indigence nor filed the requisite affidavit until after the trial had concluded. *See* 579 S.W.3d 432, 437 (Tex. App.—Corpus Christi 2019). We nevertheless affirm the court of appeals' judgment remanding for a new termination trial because the trial court failed to give mandatory statutory admonishments regarding the right to appointed counsel. *See* TEX. FAM. CODE § 263.0061.

The Department of Family and Protective Services removed B.C. from her mother's home based on allegations that drugs were being used and sold in the home, the home lacked electricity and running water, and domestic violence was ongoing. The trial court promptly held a removal

hearing and appointed the Department as B.C.'s temporary managing conservator. Because Mother appeared without counsel at the removal hearing, the trial court informed her that she had the right to legal representation and the right to court-appointed counsel if she was indigent, but she would have to fill out "some forms" before the court could determine her indigency status. *See* Tex. Fam. Code §§ 107.013(a-1) & (d), 263.0061. Mother appeared without counsel at every subsequent permanency hearing, but she was not further admonished about her statutory right to legal representation. Mother neither claimed indigency nor filed an affidavit of indigence, and the trial court did not appoint counsel to represent her.

Several months before the mandatory dismissal date, the Department's primary goal of family reunification changed to family or fictive kin conservatorship. But as the dismissal date loomed, and Mother's progress under the family service plan stalled, the Department sought to terminate parental rights. Mother did not appear at either the pretrial hearing or the bench trial six days later, and she remained unrepresented at both.

After a brief evidentiary hearing, the trial court found grounds to terminate parental rights and that severing the parent–child relationship is in B.C.'s best interest. *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (O), (P), & (b)(2) (involuntary severance of parental rights). At that point, Mother filed an affidavit of indigence and a pro se notice of appeal, prompting the trial court to hold a hearing to determine her indigency status. *See id.* § 107.013(d). The court found Mother indigent and appointed counsel to represent her on appeal. *See id.*

Mother's appeal raised three issues: (1) she was not timely notified about the trial setting; (2) she was denied her statutory right to appointed trial counsel; and (3) the trial court's best-interest finding is not supported by sufficient evidence. The court of appeals rejected the first issue and did

2

not reach the third issue, reversing and remanding to the trial court for a new trial based on issue two. 579 S.W.3d at 436-37. The court held that Mother was entitled to appointed counsel because she had appeared in opposition to the suit by informing the trial court that she "wanted her children back" and "there was sufficient indication in the record that [she] was indigent such that the trial court should have conducted further inquiry into her status." *Id*. at 437.

The Department does not dispute Mother's indigency status but asserts that under section 107.013 of the Family Code, she was required to file an affidavit of indigence as a predicate to obtaining court-appointed counsel. Mother contends an affidavit was not necessary to invoke the statutory right to appointed counsel and, in the alternative, the trial court failed to properly inform her about her right to legal representation as required by section 263.0061.

Section 107.013 grants indigent parents the right to appointed counsel in Department-initiated termination proceedings. Subsection (a) identifies who is entitled to appointed counsel:

> In a suit filed by a governmental entity under Subtitle E in which termination of the parent-child relationship or the appointment of a conservator for a child is requested, the court shall appoint an attorney ad litem to represent the interests of:
>
> > (1) an indigent parent of the child who responds in opposition to the termination or appointment . . . .

TEX. FAM. CODE § 107.013. Subsection (a-1) requires trial courts to admonish unrepresented parents about the right to legal representation:

> In a suit described by Subsection (a) . . . the court shall inform [an unrepresented] parent of:

3

(1) the right to be represented by an attorney; and

(2) if the parent is indigent and appears in opposition to the suit, the right to an attorney ad litem appointed by the court.

*Id.* Subsection (d) delineates the process for establishing indigence for purposes of the statutory right to appointed counsel provided in subsection (a):

The court shall require a parent who claims indigence under Subsection (a) to file an affidavit of indigence in accordance with Rule 145(b) of the Texas Rules of Civil Procedure before the court may conduct a hearing to determine the parent's indigence under [section 107.013] . . . . If the court determines the parent is indigent, the court shall appoint an attorney ad litem to represent the parent.

*Id.*

Our objective in construing and applying a statute is to determine and give effect to legislative intent as expressed by the statute's plain language. *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018). This text-based approach to statutory construction requires consideration of the language in the specific section, as well as the statute as a whole. *In re Lee*, 411 S.W.3d 445, 451 (Tex. 2013). In holding Mother was entitled to appointed counsel because (1) she opposed the suit and (2) the record bears sufficient indicators of indigency, the court of appeals focused on the language in subsections (a) and (a-1) but ignored subsection (d)'s requirements. This was error.

Section 107.013(a)'s court-appointed-counsel mandate applies to an "indigent parent" but subsection (d) specifies how a parent's indigency status is determined. Under subsection (d), the trial court "shall appoint an attorney ad litem to represent" "a parent who claims indigence under Subsection (a)" "[i]f the court determines the parent is indigent." TEX. FAM. CODE § 107.013(d). But the trial court is not authorized to hold a hearing to determine the indigency status of "a parent

4

who claims indigence under Subsection (a)" until the parent "file[s] an affidavit of indigence" with the court. *Id.*; *cf.* TEX. GOV'T CODE § 311.016(2); *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 131 (Tex. 2018) ("By its plain and common meaning, 'shall' denotes mandatory action."). The court must inform the parent of the necessity of such a filing—"[t]he court shall require a parent . . . to file an affidavit of indigence"—but per subsection (d)'s plain language, the court is required to appoint counsel under subsection (a) only when an affidavit of indigence has actually been filed and the trial court has determined the parent is truly indigent.

At the removal hearing, the trial court admonished Mother as required by subsections (a-1) and (d), but Mother did not file an affidavit of indigence until after the trial on the merits. The court of appeals' holding that the trial court was required to "conduct[] further inquiry" without the requisite affidavit contravenes the statutory text. 579 S.W.3d at 437. Filing an affidavit of indigence is a necessary prerequisite to a determination that the parent is indigent. *See In re J.S.*, 09-15-00150-CV, 2015 WL 5731643, at *10 (Tex. App.—Beaumont Oct. 1, 2015, no pet.) (mem. op.) (stating a father who did not file an affidavit of indigence had "failed to properly initiate the process for which his appointment of counsel would become mandatory"); *In re S.G.*, 02-14-00245-CV, 2015 WL 392772, at *1-3 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (mem. op.) (holding the trial court did not err by allowing trial to proceed without appointing counsel for a parent who repeatedly failed to provide an affidavit of indigence); *J.E. v. Tex. Dept. of Family & Protective Servs.*, 03-14-00164-CV, 2014 WL 4536569, at *8 (Tex. App.—Austin Sept. 10, 2014, no pet.) (mem. op.) ("To be entitled to court-appointed counsel, a 'parent who claims indigence . . . must file an affidavit of indigence[.]'"); *In re K.L.L.H.*, 06-09-00067-CV, 2010 WL 87043, at *5 (Tex. App.—Texarkana Jan. 12, 2010, pet. denied) (mem. op.) (explaining that a parent's filing of

5

an affidavit of indigency is "the act which would trigger the process for mandatory appointment of an attorney ad litem").

In this case, however, Mother's failure to file an affidavit of indigence is not dispositive because the trial court failed to properly admonish her as required by section 263.0061:

> At the status hearing under Subchapter C *and at each permanency hearing* under Subchapter D held after the date the court renders a temporary order appointing the department as temporary managing conservator of a child, the court shall inform each parent not represented by an attorney of:
>
> (1) the right to be represented by an attorney; and
>
> (2) if a parent is indigent and appears in opposition to the suit, the right to a court-appointed attorney.

TEX. FAM. CODE § 263.0061(a) (emphasis added).[1] Mother argues, and the record shows, that the trial court failed to admonish her of her right to counsel at the status hearing, the initial permanency hearing, and all subsequent permanency hearings.

As the court of appeals stated, Mother was "clearly and thoroughly informed of her right to counsel" at the initial status hearing, but section 263.0061(a) requires more. 579 S.W.3d at 437. At the status hearing *and at each permanency hearing* after the Department is appointed temporary managing conservator, trial courts must inform unrepresented parents about their right to legal

---

[1] Section 263.0061 also prescribes a process for determining indigency that is substantially similar to the procedure provided in section 107.013(d):

> If a parent claims indigence and requests the appointment of an attorney in a proceeding described by Subsection (a), the court shall require the parent to complete and file with the court an affidavit of indigence. . . . If the court determines the parent is indigent, the court shall appoint an attorney to represent the parent.

TEX. FAM. CODE § 263.0061(b).

representation, including the right to court-appointed counsel. That did not happen here. Mother was present and unrepresented at several hearings falling within section 263.0061(a)'s ambit without receiving the mandatory admonitions, including at one of the most critical points in the proceeding—the permanency hearing immediately before trial, when the Department expressed the necessity of moving forward with the impending termination trial due to the statutory dismissal deadline. Following the repeated failure to properly admonish Mother, she remained unrepresented at trial and her relationship with her child was permanently severed. Given these circumstances, and absent a dispute that Mother truly is indigent, noncompliance with section 263.0061 was not harmless and reversal is required. *See* TEX. R. APP. P. 61.1 (standard for reversible error); *cf. In re K.L.C.*, 990 S.W.2d 242, 243 (Tex. 1999) (trial court's noncompliance with Family Code provisions requiring certain admonitions in juvenile delinquency case was harmless under the facts presented).

Parents face a complex and nuanced family-law system that is challenging to navigate without the guidance of counsel. Considering the importance of the fundamental rights at issue, the Legislature has adopted important safeguards in sections 107.013 and 263.0061 to help ensure parents will not be deprived of their parental rights without due process of law. While the trial court cannot force parents to retain counsel or follow the procedures required for establishing indigency, the statutory framework mandates that courts repeatedly inform unrepresented parents about their statutory rights so they will have an adequate opportunity to understand and invoke those rights.

Mother raised the trial court's noncompliance with section 263.0061(a) in her appellate brief but the court of appeals did not reach that issue. Considering the parties' shared interest in achieving an expeditious and final disposition, we elect to exercise our authority to consider the issue. *See* TEX. R. APP. P. 53.4. In doing so, we affirm the court of appeals' judgment reversing the

7

termination order and remanding the case to the trial court for a new trial because Mother was not properly admonished about her rights as required by Section 263.0061 of the Texas Family Code. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** December 20, 2019